UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

MATTHEW A. SCHROCK,

               Petitioner,

     v.                                    CAUSE NO. 3:20-CV-309-DRL-MGG

WARDEN,

               Respondent.

<u>OPINION & ORDER</u>

Matthew A. Schrock, a prisoner without a lawyer, filed a habeas corpus petition under 28 U.S.C. § 2254 (ECF 1) seeking to challenge his conviction for burglary and related offenses in Elkhart Superior Court under Case No. 20D02-1209-FA-64. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]"

The statute of limitations for habeas corpus cases is set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d), which provides:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Here, public records reflect that Mr. Schrock pleaded guilty to his offenses; and, on November 12, 2013, he was sentenced to an aggregate term of 55 years in prison.[1] *State v. Schrock*, No. 20D02-1209-FA-000064 (Elkhart Sup. Ct. Nov. 12, 2013). He states in his petition that he didn't pursue a direct appeal. ECF 1 at 1. His conviction became final when the time for filing a direct appeal expired 30 days after the judgment. *See Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012) (for petitioners who do not complete all levels of state review, judgment becomes final when the time for filing an appeal expires); *see also* Ind. R. App. P. 9(A)(1) (notice of appeal must be filed within 30 days of judgment). He had one year from that date, or until December 2014, to file a federal habeas petition. The present petition was not filed by that deadline, and instead was filed in April 2020—more than five years late.

When asked to explain why his petition should be deemed timely, Mr. Schrock states as follows: "Judgment of petitioner's post-conviction relief became final on March 5th 2020. According to 28 U.S.C. § 2244(d)(2) this petition is timely." Although the petition reflects that Mr. Schrock filed a state post-conviction petition in October 2016, the federal deadline had already expired by that time. The state court's denial of post-conviction relief in March 2020 did not restart the deadline or open a new "window" for federal habeas review. *De Jesus v. Acevedo*, 567 F.3d 941, 942-43 (7th Cir. 2009). His reliance on section 2244(d)(2) is therefore unavailing. Mr. Schrock's claims aren't based on newly discovered facts or a new Supreme Court case. He asserts claims of ineffective assistance of counsel

---

[1] Mr. Schrock omitted his sentencing date when asked on his form, though he references the November 2013 date elsewhere in the petition. ECF 2 at 1, 3. The court is permitted to take judicial notice of official state court records in ruling on the petition, available at https://public.courts.in.gov/mycase/#/vw/CaseSummary. Fed. R. Evid. 201.

based on counsel's performance in connection with his guilty plea, specifically counsel's failure to raise a double jeopardy challenge and to challenge the state's proof on the elements of the offense. The factual basis for these claims would have been available to him at the time of the plea. He also does not identify any external impediment that prevented him from filing his federal petition on time, nor does he argue actual innocence, which would be inconsistent with the admissions made in connection with his guilty plea. For these reasons, the petition is untimely and must be dismissed.

Pursuant to Section 2254 Habeas Corpus Rule 11, the court must consider whether to grant or deny a certificate of appealability. To obtain a certificate of appealability when a petition is dismissed on procedural grounds, the petitioner must establish that reasonable jurists would find it debatable (1) whether the court was correct in its procedural ruling and (2) whether the petition states a valid claim for denial of a constitutional right. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The court finds no basis to conclude that reasonable jurists would debate the correctness of this procedural ruling. Therefore, a certificate of appealability is denied.

For these reasons, the court:

(1) DISMISSES the habeas petition (ECF 1) as untimely;

(2) DENIES the petitioner a certificate of appealability pursuant to Section 2254 Habeas Corpus Rule 11; and

(3) DIRECTS the clerk to close this case.

SO ORDERED.

June 12, 2020                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court